UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAVIN CARTER,

    Movant,

v.                                                                Case No: 8:17-cv-1696-T-30MAP
                                                                          Crim. Case No. 8:14-cr-416-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

Movant pleaded guilty to sex trafficking of a minor, an offense which carries a mandatory minimum sentence of 10 years. 18 U.S.C. § 1591(b)(2). The Court accepted the plea and sentenced Movant to 192 months in prison. Now Movant asks the Court to vacate his sentence arguing he received ineffective assistance of counsel because he was sentenced to a mandatory minimum sentence of 15 years. Movant also claims he did not enter his guilty plea knowingly and willingly. Because Movant's claims are refuted from the record, the Court concludes the Motion should be denied.

## BACKGROUND

In 2014, the Government filed an information against Movant charging him with one count of sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and (b)(2). (CR Doc. 1). Movant waived indictment and entered a guilty plea. (CR Docs. 2, 7,

13, 20, and 71). The plea agreement noted that Movant's offense carried a mandatory minimum sentence of 10 years with a maximum sentence of life. (CR Doc. 7, § A.2.).

Prior to sentencing, the Probation Office provided a presentence investigation report ("PSI") to the Court. (CR Doc. 52). The PSI also noted Movant's offense carried a mandatory minimum sentence of 10 years and a maximum sentence of life. (CR Doc. 52, ¶ 148). The PSI also calculated a Sentencing Guidelines range of 292 to 365 months in prison based on his total offense level and criminal history category. (CR Doc. 52, ¶ 149). The PSI concluded with a response from Movant's Counsel, stating:

> "Mr. Carter expects to ask for a sentence well below the advisory guidelines at or around the 10-year mandatory minimum based in large part on a variance argument pursuant to 18 U.S.C. §3553(a). He will be filing a sentencing memorandum to address this argument at a later date. Therefore, he reserves the right to argue the mitigating factors at 18 U.S.C. §3553(a) at the final hearing, which include but are not limited to Carter's actual offense conduct in this case (as opposed to co-conspirator Gallon) and his extremely low likelihood of recidivism. Mr. Carter looks forward to presenting Dr. Kline's expert opinion in furtherance of a reasonable sentence (attached to defendant's objections). While Mr. Carter hereby agrees that the guidelines are correctly calculated in the Report, Mr. Carter's request for a reasonable sentence will discuss Gallon's actual offense conduct (undue influence, sex acts and sexual contacts, and exploitation of vulnerabilities of the minors) as opposed to Carter's direct involvement with these same girls. In this conspiracy, a reasonable sentence for Mr. Carter is far less than what the guidelines calculate it to be when taking into account the goals of sentencing."

(CR Doc. 52, ¶ 162).

Shortly after the PSI was provided, Movant's Counsel filed a Sentencing Memorandum and Motion for Downward Variance. (CR Doc. 54). The Sentencing Memorandum acknowledges that the PSI correctly calculated the bottom of Movant's

Sentencing Guideline range at 292 months' imprisonment (CR Doc. 54, ¶ 4), but asked the Court to depart and sentence Movant to the 10-year mandatory minimum sentence.

The Court sentenced Movant on October 19, 2015. At the sentencing hearing, the Court asked Movant if he had a chance to read and discuss the PSI and if he agreed with the facts contained in it, to which Movant responded, "Yes, sir." (CR Doc. 69, p. 4). Movant's Counsel then moved the Court for the departure sentence of 10 years' imprisonment and called an expert witness to testify about whether Movant was a risk to commit sex crimes in the future. (CR Doc. 69). The Government also moved for a substantial assistance departure of one offense level. After considering both motions for departure, the Court sentenced Movant to 192 months' imprisonment. (CR Doc. 58, 69).

Movant then appealed his conviction and sentence. (CR Doc. 60). The appeal was dismissed on November 22, 2016, based on the appeal waiver in Movant's plea agreement, which the Eleventh Circuit concluded was made knowingly and voluntarily. (CR Doc. 74).

## MOVANT'S GROUNDS FOR RELIEF

In his Motion, Movant raises three grounds for relief. His first argument is that his Counsel provided ineffective assistance because she failed to familiarize herself with the case prior to advising Movant to plead guilty. Specifically, Movant alleges the plea agreement contained conflicting facts that Counsel did not challenge. (CV Doc. 1, p. 4). Movant then alleges Counsel did not file a single motion in the case. (CV Doc. 1, p. 5). Movant also alleges had his Counsel investigated the case and made him more aware of the facts, he would have insisted on proceeding to trial. (CV Doc. 1, p. 5).

In his second ground, Movant argues Counsel failed to provide effective assistance during a critical stage of the criminal proceedings. (CV Doc. 1, p. 7). Movant argues that the Government erroneously listed his offense as having a 10-year mandatory minimum sentence, even though the allegations supported a conviction under the statute carrying a 15-year mandatory minimum sentence. (CV Doc. 1, p. 7). Because of this error, Movant alleges he had no way of entering a plea agreement knowingly and willingly, and that he had a right to appeal based on this fact—which implicates his trial counsel. (CV Doc. 1, p. 8).

Lastly, Movant argues that his plea was entered unknowingly and unwillingly because he was advised that his offense carried a 10-year mandatory minimum sentence when it actually carried a 15-year mandatory minimum sentence.

## **DISCUSSION**

### **I. Standard of Review**

Ineffective-assistance-of-counsel claims are cognizable under § 2255. *Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective-assistance-of-counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. *Strickland* requires proof of both deficient performance and consequent prejudice. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance'[;] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586, 91 L.Ed.2d 305 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Thus, Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691–92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

5

**II. Analysis**

The Court concludes the Motion should be denied because Movant's Counsel was not deficient and Movant was not prejudiced. Before addressing the specific grounds raised by Movant, the Court notes that Movant appears to be confused about his offense and sentence, and thinks this somehow means his counsel did something wrong. So first the Court will explain Movant's sentence in hopes of resolving the confusion.

Counsel (and the Government and the magistrate judge and this Court) all informed Movant that his offense carried a 10-year mandatory minimum sentence, which it does. Based on his offense and criminal history, the Sentencing Guidelines range for Movant's sentence was 292 to 365 months. So though the offense carried a minimum sentence of 10 years, his guidelines sentencing range began at more than 24 years. The Court sentenced Movant to 192 months (16 years) after considering his Counsel's motion for a departure.

Contrary to his Motion, Movant was not sentenced under 18 U.S.C. § 1591(b)(1), which carries a 15-year mandatory minimum sentence. Even if Movant is correct that the allegations in the plea agreement and PSI would have supported a harsher sentence under § 1591(b)(1) (as opposed to § 1591(b)(2) under which he was sentenced), at no time was Movant's sentence based on § 1591(b)(1).

With that explanation, the Court turns to Movant's grounds for relief. The record refutes Movant's claims that Counsel was deficient. Counsel properly advised Movant of his potential sentence, there were no conflicting facts in the plea agreement or PSI, and Counsel successfully argued that the Court should downwardly depart from the Sentencing

Guidelines. In fact, Counsel's efforts helped lower Movant's sentence from a recommended 24 years to only 16 years. So the Court concludes counsel was not deficient.

The Court also concludes Movant cannot demonstrate prejudice. As explained above, Movant seemed to be confused about his sentence. At best, his Motion argues that he should have received a harsher punishment based on his actions—that is not prejudice.

Finally, the Court concludes it cannot consider Movant's third claim that his plea was unknowing and involuntary because of the law of the case. The Eleventh Circuit dismissed Movant's appeal based on the waiver in his plea agreement. That is only permissible if the Eleventh Circuit concludes the waiver was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). Because the Eleventh Circuit has already concluded Movant entered into the plea agreement knowingly and voluntarily, that issue has become law of the case, and this Court cannot revisit that finding in this post-conviction proceeding. *See e.g. United States v. White*, 846 F.2d 678, 685 (11th Cir. 1988); *United States v. Lynn*, 385 F. App'x 962, 965 (11th Cir. 2010).[1]

Accordingly, it is ORDERED AND ADJUDGED that:

1. The Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1) is DENIED.

2. All pending motions are dismissed as moot.

---

[1] Even if the Court could consider this issue, the Court would conclude Movant's plea was made knowingly and voluntarily. *Nazario v. Sec'y, Florida Dep't of Corr.*, No. 3:13-CV-786-J-34JRK, 2016 WL 1732628 (M.D. Fla. May 2, 2016).

3. The Clerk is directed to close this case.

4. The Clerk is directed to terminate from pending status the motion found at Doc. 75 in the underlying criminal case, 8:14-cr-416-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of August, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record